UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD COUSIN AND BECKY COUSIN BOTH INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN, NICHOLAS COUSIN AND ALEX COUSIN | CIVIL ACTION NO.: |
| | SECTION: _____ |
| VERSUS | |
| RIVER WEST, L.P. D/B/A RIVER WEST MEDICAL CENTER | MAGISTRATE: _____ |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes River West, L.P. d/b/a River West Medical Center, defendant, who hereby files this Notice of Removal of the captioned action to the United States District Court for the Middle District of Louisiana, from the Eighteenth Judicial District Court, Parish of Iberville, State of Louisiana, where said action is now pending, as provided by Title 28 U.S.C. §1441,et seq., and respectfully shows the following:

1.

On March 19, 2007, plaintiffs Richard Cousin and Becky Cousin, individually and on behalf of their minor children, Nicholas Cousin and Alex Cousin, filed in the 18th Judicial District Court, Parish of Iberville, State of Louisiana a petition bearing docket number 64929, division "C", seeking to recover damages, and naming River West, L.P. d/b/a River West Medical Center and Pat Hill, R.N., as defendants.

Page -1-

2.

Defendant, River West, L.P. d/b/a River West Medical Center is a Delaware Limited Partnership. Its general partner is Community GP Corporation, a corporation organized and incorporated under the laws of Delaware, with its principal place of business in Tennessee. Its limited partner is Community LP Corporation, also a corporation organized and incorporated under the laws of the State of Delaware, with its principal place of business in Tennessee. There are no other partners in the limited partnership making up River West, L.P. River West, L.P., is the owner and operator of River West Medical Center, an acute care hospital located in Plaquemine, Louisiana. That hospital is not in and of itself a juridical entity.

3.

As set forth in plaintiffs' petition, all plaintiffs are citizens of the State of Louisiana.

4.

At the time of its filing, this suit was not removable, since the plaintiffs and Pat Hill, R.N., were both citizens of the State of Louisiana.

5.

This action has since become removable pursuant to 28 USC § 1332 and § 1446, in that the case stated by the initial pleading was not removable. However, the non-diverse defendant, Pat Hill, R.N., was dismissed from this action by judgment of the 18th Judicial District Court, on motion of plaintiffs, on July 17, 2007, and the judgment of dismissal was received by the defendant, River West, L.P. on July 26, 2007, and this removal is filed within 30 days after receipt of said judgment.

The receipt of said judgment was the first time from which it could be ascertained that the case is one which has become removable, and this removable is filed less than one year after the filing of the original petition.

6.

As it is now postured, this action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 USC § 1332, and is one which may be removed to this Court as set forth above, in that it is a civil action between citizens of different states, wherein the amount in controversy, on information and belief, exceeds $75,000 exclusive of interest and costs.

7.

Defendant herein asserts that the amount in controversy herein exceeds $75,000.00 exclusive of interest and costs. Plaintiffs have alleged that due to the negligence of River West Medical Center, plaintiff Richard Cousin contracted a staphylococcus aureus infection which progressed to severe pain, fever, rash, tricuspid valve endocarditis, staph bacteraemia with secondary sepsis and infectious metastatic abscesses to his lungs, which cultures revealed were the result of exposure to methicillin resistant staph aureus (MRSA) and methicillin sensitive staph aureus (MSSA) as a result thereof, medical records show that plaintiff was admitted to Our Lady of the Lake Regional Medical Center on September 20, 2004, where he remained for treatment with intravenous antibiotics through September 24, 2004. The discharge summary (Exhibit "A") from Our Lady of the Lake Regional Medical Center sets forth discharge diagnoses as follows:

    1.       Tricuspid valve endocarditis;

2. Staph bacteraemia with sepsis;

3. Calcification;

4. Iron deficiency anemia;

5. Chest pain;

6. Pulmonary abscesses; and

7. Obesity.

The patient was noted to be "very much immobile and has extreme pain when he tries to move. His pain is in his chest and his right hip. Due to his severally (sic) ill condition, I think it would be prudent to keep him on the SemperCare Unit, long term acute care, for two to three weeks." This quotation is from the discharge summary dictated by his attending physician, Paul Murphree, M.D., on September 24, 2004. (Exhibit "A").

8.

Plaintiff, Richard Cousin, was then discharged to SemperCare Hospital, a long term acute care facility, where his history and physical on admission contained the following information:

> "Workup has revealed methicillin-resistant Staphylococcus aureus, tricuspid valve endocarditis...transesophageal echocardiogram did reveal a 1 cm vegetation on the tricuspid valve...the patient also had septic emboli to the lungs. He has had excruciating pain and is unable to be very mobile at this time. Blood cultures are still positive but may be negative from yesterday's culture. He is being transferred to SemperCare for probable two to three weeks of antibiotic initiation, getting him some physical therapy, and getting him medically stable. At the end of that time, we may contemplate home intravenous antibiotics once he is more stable." (Exhibit "B").

9.

On discharge from SemperCare Hospital on October 5, 2004, the patient was turned over to National Pharmacy to provide intravenous medication and Stanacola Home Health for intravenous antibiotics, with followup instructions. (Exhibit "C").

10.

In his original petition, plaintiff alleges that approximately two to three days after receiving an injection at River West Medical Center, he began to notice inflammation, redness and warmth to the touch at the injection site (Petition, paragraph 8). He alleged that he began to have fever and pain which progressed (Petition, paragraphs 10 and 11), and further alleged that "as a direct and proximate result of the injection at River West, Mr. Cousin developed an infection secondary to exposure to staph aureus." His discharge summary from Our Lady of the Lake reflects a discharge diagnosis of tricuspid valve endocarditis, staph bacteremia with secondary sepsis and infectious metastatic abscesses to his lungs. Cultures later revealed that the staph infection was the result of exposure to MRSA although MSSA is also noted in the records. (Petition, paragraph 12).

11.

Plaintiff alleges that "as a direct and proximate result of the injection being administered without proper sterilization, Mr. Cousin has sustained significant and potentially permanent damage" (Petition, paragraph 15). He also alleges that he has sustained "pain and suffering, loss of enjoyment of life, loss of longevity, mental anguish, medical, hospital, and pharmaceutical expenses" and states that he is entitled to recover "future medical care and related benefits, as well as all other general and

Page -5-

special damages to which he is entitled." (Petition, paragraph 18).

12.

In addition to the foregoing, Becky Cousin, Richard Cousin's wife, seeks damages for loss of consortium, services and society occasioned by the injuries to Mr. Cousin, and seeks to recover for "her severe mental anguish occasioned by viewing the injury and manifestation thereof to her husband." (Petition, paragraph 19).

13.

Furthermore, Nicholas Cousin and Alex Cousin allege that they "are the children of Richard and Becky Cousin and are entitled to recover for their loss of consortium, services and society occasioned by the injuries to their father." (Petition, paragraph 20).

14.

Undersigned counsel has been informed by the office of counsel for plaintiffs that medical bills presently in plaintiffs' counsel's possession include a bill of $34,457.55 for plaintiff's admission to the long term acute care facility, SemperCare Hospital, along with bills of $1,173.00 from River West Medical Center and $428.00 from Our Lady of the Lake After Hours Ascension. The bill for plaintiff's acute care hospitalization at Our Lady of the Lake Regional Medical Center from September 20th - 24th has not yet been received. Based upon the contents of Our Lady of the Lake Regional Medical Center's chart however, it is averred on information and belief that the medical bills from Our Lady of the Lake Regional Medical Center and treating physicians, together with the above-listed medical expenses, will place the amount of medical expenses at issue alone

1  over $75,000.

2  15.

3  Based on the foregoing, then, it is respectfully averred that the amount in controversy in this

4  matter exceeds $75,000 exclusive of interest and costs.

5  16.

6  This interest was commenced against defendant in State Court on 3/19/07, and first became

7  removable on July 26, 2007, upon the dismissal of Pat Hill, R.N., which rendered the action one in

8  which the citizenship of all parties was diverse pursuant to 28 USC § 1332, and this notice of

9  removal is filed within the time allowed by 28 USC § 1446(b).

10  17.

11  Defendant attaches hereto a copy of all process, pleadings and orders served upon defendants

12  or filed by any party into the state court record.

13  18.

14  In addition, defendant attaches hereto as exhibits the following:

15  Exhibit "A":  Discharge summary from Our Lady of the Lake Regional Medical Center
16                 dated 9/24/04, by Paul Murphree, M.D.;

17  Exhibit "B":  History and Physical dated 9/24/04 at SemperCare Hospital, dictated by Paul
18                 Murphree, M.D.; and

19  Exhibit "C":  Discharge summary from SemperCare Hospital dated 10/5/04, dictated by
                Jose K. Mendoza, M.D.

20  19.

21  Defendant will give written notice of the filing of this notice of removal in accordance with

22  28 USC § 1446(d).

23  Page -7-

20.

A copy of this notice will be filed with the clerk of the 18th Judicial District Court, Parish of Iberville, State of Louisiana, as is required by 28 USC § 1446(d).

WHEREFORE, defendant, River West, L.P. d/b/a River West Medical Center, requests that this action proceed in this Court as an action properly removed to it.

Baton Rouge, Louisiana, this _____ day of __August__, 2007.

Respectfully Submitted:
**SEALE, SMITH, ZUBER & BARNETTE**

_____
MYRON A. WALKER, JR.
Bar Roll Number 13187
Two United Plaza, Suite 200
8550 United Plaza Boulevard
Baton Rouge, LA 70809
Telephone:   (225) 924-1600
**ATTORNEYS FOR RIVER WEST, L.P. d/b/a RIVER WEST MEDICAL CENTER**

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been this date placed in the United States Mail, properly addressed, and postage prepaid, to Mr. Martin S. Bohman, Attorney at Law, 301 Main Street, Suite 902, Baton Rouge, LA 70825.

Baton Rouge, Louisiana, this _____ day of __August__, 2007.

_____
MYRON A. WALKER, JR.

Page -8-