UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD COUSIN AND BECKY COUSIN
BOTH INDIVIDUALLY AND ON BEHALF
OF THEIR MINOR CHILDREN, NICHOLAS
COUSIN AND ALEX COUSIN

CIVIL ACTION

VERSUS

NO. 07-576-BAJ-DLD

RIVER WEST, L.P. D/B/A RIVER WEST
MEDICAL CENTER

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on an unopposed motion for summary judgment filed by plaintiffs, Richard Cousin and Becky Cousin both individually and on behalf of their minor children, Nicholas Cousin and Alex Cousin ("Plaintiffs") (doc. 45).

As defendant has not opposed Plaintiffs' motion, pursuant to LR56.2 of this Court[1], all material facts set forth in Plaintiffs' statement of uncontested material facts (doc. 45-1) are deemed admitted. The statement of undisputed facts establish for purposes of the present motion for summary judgment that: (1) On

---

[1] LR 56.2 states:
> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

September 7, 2004, Richard Cousin was treated at the emergency room of the River West Medical Center for a closed injury to his shoulder and Chest; (2) He had no open wounds; (3) He was treated by Dr. John Cuba, and received two injections in his hip; (4) Within days of the injections he developed inflammation at the site of the injection and a rash on his legs; (5) He was diagnosed by Our Lady of the Lake Regional Medical Center with a staph infection due to exposure to Methycillin Resistant Staphylococcus Aureas (MRSA) bacteria; (6) Richard Cousin and Becky Cousin are the biological parents of Nicholas Cousin and Alex Cousin; and (7) Becky Cousin is the wife of Richard Cousin (doc. 45-1).[2]

Moreover, plaintiffs have set forth uncontroverted evidence to establish that Richard Cousin developed severe pain at the sight of the injection and in his legs within two to three days of the injections (doc. 45, Ex. C). At the time of his examination and diagnosis at Our Lady of the Lake Regional Medical Center, he was found to have a temperature of 102.2 degrees (doc. 45, Ex. E). The rash was diagnosed as a subpetechial rash, evidence of a staph infection (*Id.*). The discharge summary reflects a discharge diagnosis of tricuspid valve endocarditis, bacteremia with secondary sepsis and metastatic abscesses of the lungs (*Id.*).

The Court finds that, in light of the above, uncontroverted facts established for purposes of the present motion for summary judgment, the

---

[2] Other facts are established by the uncontroverted Statement of Undisputed Facts, but are not reproduced herein as it is unnecessary in ruling upon the present motion.

doctrine of *res ipsa loquitur* is applicable to the present motion.[3] Accordingly the Court finds that plaintiff, Richard Cousin, sustained the MRSA infection and associated damages, as a result of the injections received at River West Medical Center on September 7, 2004, and that the infection was caused by an agency or instrumentality within the actual or constructive control of the defendant. Therefore, as defendant has not shown that there is a genuine dispute as to any material fact, Plaintiffs are entitled to summary judgment on the issue of liability in this matter as a matter of law.

For the foregoing reasons, the motion for summary judgment (doc. 45), filed by Plaintiffs, is hereby **GRANTED** on the issue of liability in accordance with Rule 56 of the Federal Rules of Civil Procedure, and hereby **DENIED** otherwise. Judgment shall be entered in favor of Plaintiffs.

Baton Rouge, Louisiana, March 31, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[3] "The doctrine of *res ipsa loquiter* applies when: (1) the accident would not normally occur in the absence of negligence, (2) there is an absence of direct evidence to explain the activities leading to the injury, and (3) the accident or injury was caused by an agency o[r] instrumentality within the actual or constructive control of the defendant." *Sumter v. West Jefferson Medical Center*, 845 So.2d 1179, 1183 (La. App. 5 Cir. 2003).