UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RICHARD COUSIN AND BECKY COUSIN
BOTH INDIVIDUALLY AND ON BEHALF
OF THEIR MINOR CHILDREN, NICHOLAS
COUSIN AND ALEX COUSIN

CIVIL ACTION

VERSUS

NO. 07-576-BAJ-DLD

RIVER WEST, L.P. D/B/A RIVER WEST
MEDICAL CENTER

### RULING AND ORDER

The trial of this matter was held on March 25, 2013 in the Middle District
Court of Louisiana.   On May 21, 2013, this Court issued a Memorandum Ruling
(doc. 59) containing the Court's finding that the evidence adduced at trial
supports a total damage award as follows:

(1) Total Lost Wages award minus amount
    Paid in Workers Compensation Benefits: $ 6,976.25;

(2) Total Past Medical Expenses: $ 64,560.38;

(3) Total General Damages Award: $ 200,000.00;

(4) Total Loss of Consortium Claims award: $ 75,000.00;

**Total Damages Award: $ 346,536.63 (*Id.* at 16).**

Plaintiffs now move this Court to award pre-judgment interest on the
principal damages award.  The Court notes that, under Louisiana law, there is no
prohibition against awarding pre-judgment interest for damages arising from

1

medical malpractice.  This interest is measured from the date a complaint is filed with a medical review panel.

Further, La. R.S. 40:1299.47(M) specifically states that "legal interest shall accrue from the date of filing of the complaint with the board in a judgment rendered by a court in a suit for medical malpractice brought after compliance with this part."  Louisiana courts have held that La. R.S. 40:1299.47(M) reflects the legislature's determination that the general rule of interest accrual in tort actions should be adjusted to account for the statutorily imposed delay that medical malpractice claims face. *See Hall v. Brookshire Bros., Ltd.,* 2002–2404 (La.6/27/03), 848 So.2d 559; *see also Johnson v. Ray*, 2012-0006 (La. App. 4 Cir. 12/5/12), 106 So. 3d 629, 638 *writ denied*, 2013-0024 (La. 2/22/13), 108 So. 3d 778.

Here, Plaintiffs have attached a copy of the "Complaint in the Nature of a Request for Review of a Medical Malpractice Claim and for the Formation of a Medical Review Panel" filed in this matter with the Division of Administration, Patients' Compensation Fund.  This document establishes that the operative date for the commencement of legal interest under La. R.S. 12:40:1299.47.M is September 7, 2005 according to the Division of Administrations' time stamp. Thus, under Louisiana Law, each Plaintiff is entitled to an award of pre-judgment interest at the Louisiana statutory rate up and until the entry of judgment in this matter.

2

## CONCLUSION

Accordingly, the Court finds that Plaintiffs are entitled to pre-judgment interest in the amount of **$ 163,168.91**, based on the Louisiana Judicial Interest Rates for the relevant periods.[1]  Plaintiffs are also entitled to post-judgment interest on the principal award at the federal rate until the judgment in its entirety is satisfied.[2]

| Results of Calculations using Principal of $346,536.63: | |
|---|---|
| 09/07/2005 - 12/31/2005 $ 6,607.93(116 days @ $56.96/daily @ 6.000%/year) | |
| 01/01/2006 - 12/31/2006 $ 27,722.93(365 days @ $75.95/daily @ 8.000%/year) | |
| 01/01/2007 - 12/31/2007 $ 32,920.98(365 days @ $90.19/daily @ 9.500%/year) | |
| 01/01/2008 - 12/31/2008 $ 29,455.61(366 days @ $80.48/daily @ 8.500%/year) | |
| 01/01/2009 - 12/31/2009 $ 19,059.51(365 days @ $52.22/daily @ 5.500%/year) | |
| 01/01/2010 - 12/31/2010 $ 12,995.12(365 days @ $35.60/daily @ 3.750%/year) | |
| 01/01/2011 - 12/31/2011 $ 13,861.47(365 days @ $37.98/daily @ 4.000%/year) | |
| 01/01/2012 - 12/31/2012 $ 13,861.47(366 days @ $37.87/daily @ 4.000%/year) | |
| 01/01/2013 - 06/25/2013 $ 6,683.88(176 days @ $37.98/daily @ 4.000%/year) | |
| **Total:** | **$ 163,168.91** |

---

[1] La. Rev. Stat. Ann. § 13:4202 (West 2012).
[2] *See* 28 U.S.C. 1961 (West 2012).

Judgment in accordance with the foregoing findings of fact and conclusions of law is so ordered.

Baton Rouge, Louisiana, June 25, 2013.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

4